**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **Case No. 09-20054-CM (Criminal)** |
| **NICHOLAS KAMPHAUS,** ) | **16-2474-CM (Civil)** |
| ) | |
| **Defendant.** ) | |
| ) | |

### **MEMORANDUM AND ORDER**

This case is before the court on defendant Nicholas Kamphaus's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 58). Defendant claims that the sentence enhancement based on use of a firearm during and in relation to a crime of violence, under 18 U.S.C. § 924(c), is unconstitutional in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). For the reasons set forth below, this court dismisses defendant's motion.

**I.   Background**

On March 15, 2010, defendant pleaded guilty, pursuant to Fed. R. Crim. P. 11(c)(1)(C), to armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d); attempted murder of a witness, in violation of 18 U.S.C. §§ 1512(a)(1)(A) and (a)(1)(C); and discharge of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). On June 21, 2010, Judge Belot followed the parties' plea agreement and sentenced defendant to a controlling term of 336 months. Defendant did not appeal.

Defendant filed his § 2255 motion on June 29, 2016. Defendant seeks collateral review approximately six years after his conviction was final. He relies on a right that the United States Supreme Court recognized in *Johnson*, which was made retroactively applicable to cases on collateral review in *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). *See* 28 U.S.C. § 2255(f)(3).

**II.     Defendant's Waiver**

Within defendant's plea agreement, defendant waived the right to challenge his sentence in a collateral attack under § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001), 18 U.S.C. § 3582(c)(2), and a motion brought under Fed. R. Civ. P. 60(b)).  The government seeks to enforce this waiver as to defendant's claims challenging his sentence.

Generally, a knowing and voluntary waiver of 18 U.S.C. § 2255 rights is enforceable.  *United States v. Frazier-LeFear*, 665 F. App'x 727, 729 (10th Cir. 2016) (citing *Cockerham*, 237 F.3d at 1183).  The court, however, considers whether enforcing the waiver will result in a "miscarriage of justice."  *Id.* (citing *United States v. Hahn*, 359 F.3d 1315, 1327 (10th Cir. 2004)).

The Tenth Circuit recently addressed whether a *Johnson*-based sentencing challenge would entail a miscarriage of justice, and ultimately held that it did not.  *See Frazier-LeFear*, 665 F. App'x at 731–32 (10th Cir. 2016) (noting that the miscarriage of justice "exception is implicated only when the asserted legal error concerns the waiver itself, rather than some other aspect of the proceedings such as the determination of the defendant's sentence[] . . .").  Here, defendant agreed to relinquish his right to collaterally attack any sentence imposed in accordance with his Rule 11(c)(1)(C) plea agreement, which includes any challenge under *Johnson*.  *See id.* at 732 ("The fact that [Ms. Frazier-LeFear's] relinquishment of this right results in the lost opportunity to raise a constitutional challenge under *Johnson* reflects the natural operation, not the invalidity, of the waiver.").

Defendant's *Johnson*-based challenge to the use of armed bank robbery or attempted murder of witness as a predicate crime of violence under 18 U.S.C. § 924(c) is a challenge to the lawfulness of his sentence, not to the lawfulness of his waiver.  As such, it does not support a finding that enforcement of the waiver would result in a miscarriage of justice.  *See Frazier-LeFear*, 665 F. App'x at 732.  Defendant entered into his collateral-challenge waiver knowingly and voluntarily, and

although the Supreme Court changed the law in *Johnson*, this change did not render defendant's waiver itself unlawful.  Consequently, the court enforces defendant's collateral-challenge waiver.

To the extent that defendant is arguing ineffective assistance of counsel for not raising this issue previously; *Johnson* is a recent change in the law.  Defendant cannot demonstrate that defense counsel's performance was deficient based on a case that had not yet been decided at the time defendant was sentenced.  *See United States v. Taylor*, 415 F. App'x 96, 99 (10th Cir. 2011) (stating that the Sixth Amendment's right to effective assistance of counsel does not require counsel to predict future changes in the law) (citing *United States v. Harms*, 371 F.3d 1208, 1212 (10th Cir. 2004)).

Even without the wavier, defendant would be ineligible for relief.  *Johnson* did not clearly invalidate § 924(c)'s residual clause.  Instead, *Johnson* held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague.  *See Johnson*, 135 S. Ct. at 2563.  Furthermore, defendant was sentenced in accordance with his Rule 11(c)(1)(C) plea agreement, and defendant's § 2255 motion is untimely.

Because defendant is not entitled to relief, the court denies his requests for appointment of counsel and an evidentiary hearing.  An evidentiary hearing is generally not required when "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  The existing record is sufficient for this court to resolve defendant's claims.

A certificate of appealability is not warranted in this case because reasonable jurists could not debate whether "the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted).

-4-

**IT IS THEREFORE ORDERED** that defendant Nicholas Kamphaus's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 58) is denied.

**IT IS FURTHER ORDERED** that defendant's requests for appointment of counsel and an evidentiary hearing are denied.

**IT IS FURTHER ORDERED** that the court will not issue a certificate of appealability in this case.

Dated this 7th day of April, 2017, at Kansas City, Kansas.

            s/ Carlos Murguia
            **CARLOS MURGUIA**
            **United States District Judge**